IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DAVID JOHN JORGENSEN, : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. |
| : | 2:12-CV-0236-RWS |
| FEDERAL HOME LOAN : | |
| MORTGAGE CORPORATION, : | |
| a/k/a Freddie Mac, *et al.*, : | |
| Defendants. : | |

## ORDER

This case is before the Court for consideration of Plaintiff's Motion for Emergency Injunctive Relief [25]. After reviewing the record, the Court enters the following Order.

It is settled law in this Circuit that a preliminary injunction is an "extraordinary and drastic remedy." Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

To obtain such relief, a movant must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying case, (2). . .irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). The issuance of a preliminary injunction is, indeed, an extraordinary remedy that should not be granted unless the movant clearly carries the burden of persuasion as o the four elements. Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990).

Plaintiff has failed to allege facts that would demonstrate that he is likely to succeed on the claims he has asserted. Moreover, he has failed to show that he has prepared to give security as required by Federal Rule of Civil Procedure 65(c). Therefore, the Motion for Emergency Injunctive Relief [25] is hereby **DENIED**.

**SO ORDERED**, this  1st  day of April, 2013.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)