**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

DAVID JOHN JORGENSEN,      :
                                   :
         Plaintiff,          :
                                   :
         v.              :      CIVIL ACTION NO.
                                   :      2:12-CV-00236-RWS
FEDERAL HOME LOAN      :
MORTGAGE CORPORATION    :
a/k/a Freddie Mac,          :
CITIMORTGAGE, INC.,        :
MORTGAGE ELECTRONIC    :
REGISTRATION SYSTEMS,    :
INC., and PENDERGRAST &    :
ASSOCIATES, P.C.,         :
                                   :
         Defendants.       :

## <u>ORDER</u>

This case comes before the Court on Defendant Pendergrast &

Associates, P.C.'s ("Pendergrast") Motion to Dismiss [5] and Plaintiff's request

for emergency injunctive relief, contained in the Complaint [1-1].  After

reviewing the record, the Court enters the following Order.

## **Background**[1]

---

[1] As the case is before the Court on a motion to dismiss, the facts alleged in the
Complaint are taken as true.  <u>Cooper v. Pate</u>, 378 U.S. 546, 546 (1964).

This case arises out of foreclosure proceedings on real property located at 4795 Clayburn Road, now known as 4850 Sunrise Lane, Cumming, Georgia, 30041 ("the Property"). (Compl., Dkt. [1-1] ¶ 17.) On November 1, 2005, Plaintiff obtained a loan from CMI and executed a security deed in favor of CMI, naming MERS as the nominee for CMI and its successors and assigns, in order to secure that loan. (Defs. CMI, Freddie Mac, and MERS's Mot. to Dismiss ("Defs.' Mot."), Ex. 2 (Security Deed), Dkt. [13-3] at 3 of 16.)[2] On August 27, 2009, MERS assigned and transferred its rights, title, and interest in the Security Deed, the Property, and the indebtedness secured thereby back to CMI. (Compl., Dkt. [1-1] at 40 of 67.) Plaintiff appears to assert claims for wrongful foreclosure, contractual breach of good faith and fair dealing, and seeks injunctive relief. (See generally id.) Plaintiff initiated this proceeding by

---

[2] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the Superior Court of Forsyth County, when considering a motion to dismiss. Byrant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1998). This does not convert the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

2

filing his Complaint with the Superior Court of Forsyth County.  (<u>Id.</u> at 1 of 67.)

Defendants timely removed the case to this Court on the basis of diversity jurisdiction, and now Defendant Pendergrast moves to dismiss Plaintiff's claims against it for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Pendergrast's Mot. to Dismiss, Dkt. [5].)  The Court sets out the legal standard governing Defendant's motion to dismiss before considering the motion on the merits.

**Discussion**

**I.     Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."  <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

3

will not do.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Twombly</u>, 550 U.S. at 561 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."  <u>Id.</u> at 556.  The plausibility standard "does not[, however] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  <u>Id.</u>

Additionally, because Plaintiff is proceeding <u>pro se</u>, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an

4

action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).  Utilizing this framework, the Court considers the claims raised in Plaintiff's Complaint.

**II.     Analysis**

      A.    <u>Pendergrast's Motion to Dismiss [5]</u>

In Plaintiff's Complaint, he includes Pendergrast with the other Defendants in his allegations that they "are engaged in the same kind of unfair and deceptive business practices[,]" (Compl., Dkt. [1-1] ¶ 56) alleges "[Freddie Mac] and [Pendergrast]'s advertisement [of the foreclosure sale] failed to fall within the guidelines set out by Georgia's General Assembly[,]" (<u>id.</u> ¶ 85) and that "[Defendants] and [Pendergrast] have filed, or caused to be filed false and fabricated and forged assignments of mortgage[.]"  (<u>Id.</u> ¶ 113.)  These are the only mentions of Pendergrast in Plaintiff's Complaint.  Plaintiff fails to allege any conduct on the part of Pendergrast outside of the allegations that Pendergrast's advertisement of the foreclosure sale was inadequate and that Pendergrast allegedly filed fraudulent or forged documents in connection with the assignment of the Security Deed from MERS to CMI.  (<u>Id.</u> ¶¶ 85, 113.)  Plaintiff has failed to indicate anywhere in his Complaint how the

AO 72A
(Rev.8/82)

advertisement was inadequate, and Plaintiff has in fact included evidence of the validity of the assignment within his Complaint.  (See Id. at 40 of 67.)  In any event, Plaintiff does not have standing to challenge the validity of the assignment as he is a third party to it.  See Rosenhaft v. BAC Home Loans Servicing, LP, No. 1:11-CV-2519-TWT, 2012 WL 484842, at *2 (N.D. Ga. Feb. 14 2012) ("BAC has the right to foreclose on the property because the Security Deed is assignable. . . .  Furthermore, the Plaintiff does not have standing to challenge the assignment from MERS to BAC because she was not a party to the assignment.").

After thoroughly reviewing the record, the Court finds that Plaintiff has failed to plead any facts in support of his allegations regarding Pendergrast and has failed to do more than set forth "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Therefore, the Court finds that Pendergrast's Motion to Dismiss [5] is due to be **GRANTED**.

**B.**     **Plaintiff's Request for Emergency Injunctive Relief**

Plaintiff seeks injunctive relief in order to stay imminent foreclosure and eviction.  Before a court will grant a motion for injunctive relief, the moving

6

party must show:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that if issued the injunction would not be adverse to the public interest.

All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (citation omitted). "Of these four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ." ABC Charters, Inc. v. Bronson, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008). After thoroughly reviewing the record, the Court finds that Plaintiff's Complaint does nothing more than recite statutory language and assert bare legal conclusions. As such, Plaintiff has not shown a substantial likelihood of success on the merits of any of his claims. Since Plaintiff has failed on the most important of the requisites to the grant of an injunction, the Court finds that Plaintiff is not entitled to injunctive relief. Therefore, Plaintiff's request for injunctive relief is due to be **DENIED**.

### Conclusion

In accordance with the foregoing, Defendant Pendergrast's Motion to Dismiss [5] is **GRANTED**, and Plaintiffs' request for preliminary injunctive is

**DENIED**.  Plaintiff's request for injunctive relief having been **DENIED**,  the

Clerk is **DIRECTED** to refer the case to the next available Magistrate Judge,

pursuant to Standing Order Number 08-01.

      **SO ORDERED**, this  _19th_  day of July, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8