IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DAVID JOHN JORGENSEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-CV-00236-RWS |
| FEDERAL HOME LOAN | : | |
| MORTGAGE CORPORATION | : | |
| a/k/a "FREDDIE MAC," | : | |
| CITIMORTGAGE, INC., AND | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, INC. | : | |
| | : | |
| Defendants | : | |

## ORDER

This case is before the Court on Defendants' motion to dismiss Plaintiff's Complaint. (Doc. 13). Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court **GRANTS** Defendants' motion.

## Factual and Procedural History[1]

---

[1] These facts are taken from Plaintiff's Complaint (Doc. 1-1), and from copies of documents referred to in the Complaint that relate to the loan transaction, and the foreclosure and eviction proceedings at issue, which are attached as exhibits to the Complaint (Doc. 1-1 at 27-50) or to Defendants' motion (Docs. 13-3 through 13-14 and Doc. 19-1). In ruling on a motion to dismiss, the court may consider documents attached to the motion and response if those documents are central to the complaint and not in dispute. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25, 2012) (noting that the court is authorized to consider documents attached to motions to dismiss where "the

On November 1, 2005, Plaintiff obtained a loan from CitiMortgage, Inc. ("CitiMortgage") in the amount of $175,000, secured by property at 4850 Sunrise Lane, Cumming, Forsyth County Georgia 30041.[2] (Doc. 1-1 at ¶ 17; Doc. 13-3). Plaintiff executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS), as nominee for CitiMortgage. (*See* Doc. 13-3). The Security Deed was recorded on November 3, 2005 in Forsyth County, Deed Book 4033, Pages 220-235. (*Id.*). On August 27, 2009, MERS assigned its interest in the Security Deed to CitiMortgage. (Doc. 1-1 at 40). CitiMortgage recorded the Assignment on September 4, 2009 in Forsyth County, Deed Book 5522, Page 227. (*Id.*).

After Plaintiff defaulted on the loan, CitiMortgage initiated foreclosure proceedings, and on January 4, 2011, CitiMortgage foreclosed on the subject property and thereafter transferred the property to Federal Home Loan Mortgage Corporation ("Freddie Mac"). (Doc. 1-1 at 34-36; Docs. 13-6, 13-7). Freddie Mac then initiated a dispossessory proceeding in the Forsyth County Magistrate Court to obtain possession of the subject property, and the court issued a Writ of Possession on September 29, 2011. (*See* Doc. 1-1 at ¶ 20; Doc. 1-1 at 39; Doc. 13-

---

document is central to Plaintiff's claims, and the authenticity of the document has not been challenged"). The Court may also take judicial notice of public records, such as real estate records and court filings. *See Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006).

[2] This property was formerly designated as "4795 Clayburn Road," the address listed on the promissory note and security deed. (*See* Docs. 13-3, 13-4, 19-1).

8). Plaintiff delayed the execution of that writ by filing a number of unsuccessful appeals, a second bankruptcy action, and the instant lawsuit. (*See* Doc. 1-1 at ¶¶ 26-29; Docs. 13-9 through 13-14).

On August 22, 2012, the same day the Bankruptcy Court issued an Order allowing Freddie Mac to pursue eviction proceedings (*see* Doc. 13-14), Plaintiff, proceeding *pro se*, filed a "Complaint for Fraudulent Foreclosure, Declaratory Relief, Failure to Disclose, Equitable Relief and Emergency Injunctive Relief and Damages" in the Superior Court of Forsyth County, Georgia. (Doc. 1-1). Defendants removed the action to this Court on October 5, 2012. (*See* Doc. 1). In lieu of an answer, Defendants filed the pending motion to dismiss.[3] (Doc. 13). Plaintiff filed a response (Doc. 18), and Defendants filed a reply (Doc. 21). Briefing is complete, and the Court now considers the merits of Defendant's motion.

## Discussion

### I. Motion To Dismiss Standard

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim that can survive a

---

[3] Defendant Pendergast & Associates, P.C. also filed a motion to dismiss (Doc. 5), which the Court granted (*see* Doc. 36).

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. "Additionally, because Plaintiff[ is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

## II. Plaintiff's Complaint

Plaintiff's Complaint fails to satisfy the above-described pleading standards in several respects. As an initial matter, the Court has already denied Plaintiff's request for injunctive relief, finding Plaintiff "has not shown a substantial

likelihood of success on the merits of any of his claims" because his "Complaint does nothing more than recite statutory language and assert bare legal conclusions." (Doc. 36 at 7). Plaintiff's other claims for relief fare no better.

First, Plaintiff's 120-paragraph Complaint is a classic example of a "shotgun" pleading.  A "shotgun" complaint is one where "each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010). "This circuit condemns shotgun pleading." *Id.* Moreover, Plaintiff's "claims" consist of largely conclusory allegations of wrongdoing by Defendants related to their efforts to foreclose on the subject property and evict Plaintiff from it. Plaintiff generally alleges, "This complaint asserts foreclosure (pleading) fraud, lack of standing and/or lack of capacity to foreclose, bad faith breach of contract (deceptive and unfair practices), tort, tortuous misrepresentation, detrimental reliance, declaratory and injunctive relief, damages and for violations under the Fair Debt Collection [Practices] Act (15 U.S.C. Sec. 1692c (2)(A), (5) & (10) . . . ." (Doc. 1-1 at 1-2). He also cites to the Truth in Lending Act ("TILA"), Georgia's foreclosure statutes, and "Georgia Land Registration laws" throughout his Complaint. (*See generally id.* at 9-21).

The gravamen of Plaintiff's Complaint appears to be that the foreclosure proceedings, and by extension the dispossessory proceedings, were faulty because the assignment of the Security Deed was improper, Defendants have not produced the promissory note, and Defendants did not possess the promissory note and therefore did not have standing to foreclose. (*See* Doc. 1-1). The courts have repeatedly rejected these claims. *See, e.g., Milburn v. Aegis Wholesale Corp.*, No. 1:12-CV-01886-RWS, 2013 U.S. Dist. LEXIS 36664, at *9 (N.D. Ga. Mar. 18, 2013) (explaining that "as a stranger to the Assignment, Plaintiff lacks standing to challenge it"); *Clarke v. Branch Banking & Trust Co.*, No. 1:12-CV-03383-JEC-RGV, 2013 U.S. Dist. LEXIS 49875, at *22 (N.D. Ga. Mar. 4, 2013) (noting that the plaintiff's "claim appears to be an attempt to repackage a 'produce the note' argument that has been repeatedly rejected by this court, and is therefore due to be dismissed" (listing cases)); *LaCosta v. McCalla Raymer, LLC*, No. 1:10-CV-1171-RWS, 2011 U.S. Dist. LEXIS 5168, at *15-18 (N.D. Ga. Jan. 18, 2011) (rejecting plaintiff's wrongful foreclosure claim based on "splitting" of note and security deed and finding that holder of security deed was authorized to exercise power of sale); *You v. JP Morgan Chase Bank, N.A.*, No. S13Q0040, 2013 Ga. LEXIS 454, at *16-17 (Ga. May 20, 2013) (holding that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in

accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed").[4]

To the extent that Plaintiff cites to statutory provisions, such as the FDCPA, TILA, Georgia's foreclosure statutes, or "Georgia Land Registration laws," Plaintiff fails to allege any specific facts to support his assertions that Defendants violated those statutes.[5] His Complaint consists primarily of nothing more than "labels and conclusions, . . . formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

Plaintiff's allegations are remarkably similar to those in numerous other cases that have been filed by plaintiffs (often unrepresented) in an effort to delay, prevent or even reverse foreclosures and dispossessory actions. Such lawsuits—

---

[4] Plaintiff's allegation that CitiMortgage did not hold the promissory note (*see* Doc. 1-1 at ¶ 25) is puzzling given that CitiMortgage was the original lender, and Plaintiff has not alleged that CitiMortgage transferred the note. At any rate, even if CitiMortage did not hold the note when it foreclosed on the subject property, the *You* decision makes clear that CitiMortgage, as holder of the security deed, was authorized to foreclosure.

[5] Plaintiff also complains that CitiMortgage failed to modify Plaintiff's loan, even though "HAMP guidelines require [CitiMortgage] to perform modification services for all mortgage loans it services." (Doc. 1-1 at ¶ 37). It is not clear whether Plaintiff intended to assert a claim under the Home Affordable Modification Program ("HAMP"), but if so, such a claim fails because "the Eleventh Circuit has held that no implied private right of action exists under HAMP." *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *13 (N.D. Ga. Oct. 25, 2012) (citing *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 116-17 (11th Cir. 2012)), *adopted by* 2012 U.S. Dist. LEXIS 167516 (N.D. Ga. Nov. 26, 2012).

wherein the plaintiffs often make rambling, incomprehensible and/or conclusory allegations about mortgage industry practices such as the securitization of mortgages, and the MERS assignment and registration system, allege that the promissory note and the security deed have been improperly "split" or separated, and demand to see the promissory note—have become commonplace. *See, e.g., Curtis v. BAC Home Loans Servicing, LP*, No. 5:10-CV-226-MTT, 2010 U.S. Dist. LEXIS 109400, at *3-5 & n.1 (M.D. Ga. Oct. 14, 2010) (finding that "the vast majority of the Plaintiff's allegations [related to a residential mortgage loan transaction and similar to those made in the instant case] are wholly incomprehensible" and noting that seven cases on that judge's docket used virtually the same form complaint); *Watts v. Ocwen Loan Servicing, LLC*, No. 5:10-cv-238 (CAR), 2010 U.S. Dist. LEXIS 73486, at *1, 4 (M.D. Ga. July 21, 2010) (finding that the plaintiff's lawsuit, "the latest in a series of lawsuits filed in his effort to forestall foreclosure," was "largely incomprehensible," and "appear[ed] to be nothing more than an attempt to use frivolous and abusive litigation to forestall a lawful foreclosure so that Plaintiff [could] continue to live in a house that he ha[d] occupied, rent-free, for twenty-two months.").[1]

---

[1] The plaintiff in *Watts* advanced theories similar to those advanced by Plaintiff in the instant case: "(1) that the assignment of the loan to Defendant was somehow wrongful or fraudulent; and (2) that the security interest was void because Defendant failed to produce the original signed Note and Security Deed to Plaintiff." *Watts*, 2010 U.S. Dist. LEXIS 73486, at *2.

The Court finds the instant Complaint similarly deficient, and therefore, Plaintiff has failed to satisfy the pleading requirements of Rule 8, *Twombly* and *Iqbal*, even taking his *pro se* status into account. *See Washington v. CSX Transp. (R.R.)*, No. CV408-247, 2009 U.S. Dist. LEXIS 12903, at *4-5 (S.D. Ga. Mar. 9, 2009) ("[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief. He thus must assert non-conclusory allegations supporting the elements of his claims."), *adopted by* 2009 U.S. Dist. LEXIS 39308 (S.D. Ga. May 8, 2009).

The Court acknowledges that where a "more carefully drafted complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile. *Lee v. Alachua Cnty.*, 461 Fed. Appx. 859, 860 (11th Cir. 2012) (unpublished decision). The Court finds, however, that a more carefully drafted complaint would not state a claim, and that it would be futile to allow Plaintiff to amend his Complaint. The Complaint is utterly devoid of facts to support Plaintiff's claims, and Plaintiff made no showing in response to Defendants' motion to dismiss that, with additional factual enhancement, he could

state a claim against these Defendants.[6]  Furthermore, the documents relevant to the foreclosure proceedings fail to demonstrate the plausibility of a claim based on those proceedings.

Accordingly, Defendants' motion to dismiss (Doc. 13) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.[7]  *See, e.g., McFarland v. BAC Home Loans Servicing, LP*, Civil Action No. 1:11–CV–04061–RWS, 2012 U.S. Dist. LEXIS 82638 (N.D. Ga. June 14, 2012) (granting defendant's motion to dismiss *pro se* plaintiff's similar complaint alleging wrongful foreclosure and to quiet title, and dismissing complaint with prejudice); *Woodberry v. Bank of Am., N.A.*, No. 1:11-CV-3637, 2012 U.S. Dist. LEXIS 4197 (N.D. Ga. Jan. 12, 2012) (same).

---

[6] Plaintiff asserts in his response that upon completion of a "forensic audit," he will be able to correct his pleading deficiencies. (Doc. 18 at 3-4). Such audits have been discredited and are insufficient to rehabilitate an otherwise deficient pleading. *See Lefont v. SunTrust Mortg., Inc.*, No. 2:10-CV-0360RWS-SSC, 2011 U.S. Dist. LEXIS 15772, at *12 n.6 (N.D. Ga. Jan. 26, 2011) (noting that the Federal Trade Commission issued a "Consumer Alert" regarding such audits), *adopted by* 2011 U.S. Dist. LEXIS 15766 (N.D. Ga. Feb. 16, 2011); *see also Demilio v. Citizens Home Loans, Inc.*, No. 3:12-CV-81 (CAR), 2013 U.S. Dist. LEXIS 11469, at *9 (M.D. Ga. Jan. 29, 2013) (refusing to consider "Certified Forensic Loan Audit" as it is "more likely the product of 'charlatans who prey upon people in economically dire situation,' rather than a legitimate recitation of Plaintiff's factual allegations" (quoting *In re Norwood*, No. 10-84443-PWB, 2010 Bankr. LEXIS 3811, at *5 (Bankr. N.D. Ga. Oct. 21, 2010)).

[7] Because the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted, it is unnecessary to reach Defendants' other arguments in support of dismissal, including their contentions about Plaintiff's bankruptcy proceedings.

Case 2:12-cv-00236-RWS   Document 38   Filed 09/13/13   Page 11 of 11

**IT IS SO ORDERED** this /3// day of September, 2013.

RICHARD W. STORY
United States District Judge